30 F.3d 129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert KELLIHAN, Plaintiff-Appellant,
v.
DONNAE. SHALALA, SECRETARY OF HEALTHAND HUMAN SERVICES,
Defendant-Appellee.
 No. 93-1976.
 United States Court of Appeals, Fourth Circuit.
 Argued May 12, 1994.
Decided Aug. 5, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-92-166-7-BR).
 ARGUED: Kathleen Shannon Glancy, Wilmington, NC, for Appellant.
 Barbara Dickerson Kocher, Sp. Asst. U.S. Atty., Raleigh, NC, for appellee.
 ON BRIEF: James R. Dedrick, U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before CHAPMAN, Senior Circuit Judge, ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation, and KNAPP, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Robert E. Kellihan ("claimant") appeals from a decision of the district court affirming the Secretary's denial of his claim for social security disability benefits, 42 U.S.C. Sec. 405(g) and supplemental security income benefits, 42 U.S.C. Sec. 1383(c)(3). We find that substantial evidence supports the Secretary's decision, and we affirm.
 
 I.
 
 2
 The claimant is a 57 year old high school graduate of normal intelligence. He has previous work experience as a supervisor in a textile mill where he worked for 22 years, as the operator of a saw at a lumber mill, as a manager of a service station, and for a short time, as a vendor of produce along the roadside. The claimant filed applications for disability benefits and supplemental security income on May 20, 1991, alleging that he had been disabled since August 15, 1989.
 
 
 3
 His claims were denied initially and upon reconsideration. The claimant then requested a hearing before an administrative law judge ("ALJ"). A hearing was held on March 5, 1992, and on the basis of the evidence adduced at that hearing, the ALJ found that although the claimant has a history of peptic ulcer disease and suffers from mild osteoarthritis of the hands, shortness of breath, blackout spells, blurry vision, dysthymia, chronic anxiety, and personality disorder, he did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Reg. No. 4. In addition, the ALJ found that the claimant suffers from hypertension, diabetes mellitus, and alcoholism but that none of these conditions was severe within the meaning of the regulations.
 
 
 4
 The ALJ found that the claimant was unable to return to his past relevant work but retained the residual functional capacity to perform a limited range of light work. Based on an exertional capacity for light work and the claimant's age, education, and work experience, the ALJ applied the "grid regulations" to determine that the claimant was not disabled. He then found, based on the testimony of a vocational expert, William H. Haney, that notwithstanding the claimant's nonexertional limitations which do not allow him to perform the full range of light work,* the claimant could perform certain jobs that existed in the national economy, including commercial laundry hand or towel folder and cafeteria attendant. Thus, the ALJ found that the claimant was not disabled.
 
 
 5
 Based upon the ALJ's determination, the Secretary denied the claimant's applications for benefits. The claimant then filed the instant action for judicial review. The district court concluded that the Secretary's decision was supported by substantial evidence, granted the Secretary's motion for judgment on the pleadings and entered an order on July 12, 1993, affirming the Secretary's decision.
 
 II.
 
 6
 The claimant contends that the ALJ erred in failing to find that his alcohol dependence and related psychological problems meet or equal a listed impairment. The claimant argues that the ALJ's error was caused in part by his failure to develop the record fairly and fully. Specifically, the claimant argues that the ALJ erred in failing to order additional medical testing to determine whether he met a listed impairment, including, but not limited to, listing 12.09A and E on substance abuse disorders.
 
 
 7
 Although an ALJ has a duty to develop adequately the record on all relevant facts and issues before making a final decision, Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir.1986), the standard for ordering consultative examinations is when "the evidence as a whole, both medical and non-medical, is not sufficient to support a decision on [the] claim." 20 C.F.R. Sec. 404.1519a(b). In this case, the ALJ had three consultative reports from physicians who examined the claimant and a report from the claimant's treating physician. In addition, the ALJ heard testimony from the claimant, his brother-in-law and a vocational expert. Finally, the ALJ gave the claimant an additional ten-day period to submit evidence following the hearing. In view of the above, we believe the ALJ had an adequate record before him upon which to make a determination about whether the claimant met a listed impairment. Further, after a thorough review of the record, we are of the opinion that there is substantial evidence to support the ALJ's conclusion that none of claimant's impairments, or combination thereof, meet or equal a listed impairment.
 
 
 8
 The claimant also contends that the ALJ's conclusion regarding his ability to perform light work is not supported by substantial evidence. We disagree and find that there is indeed substantial evidence in the record to support the ALJ's conclusion that the claimant has the residual functional capacity to perform light work. For example, although the claimant suffers from osteoarthritis, Dr. Tate did not believe that the condition was disabling and in fact found it to be only mild. Although the claimant testified about the severity of his shortness of breath, pulmonary function tests used by Dr. Nettles showed no significant abnormalities and neither Dr. Nettles nor Dr. Tate found the claimant's shortness of breath to be disabling. According to Dr. Tate, the only impairment suffered by claimant that would adversely affect his ability to sit, stand, move about, lift, carry, handle objects, hear, speak and travel, was his problem with blackout spells. However, Dr. Tate also related in his report that the claimant told him that he had not suffered any blackout spells since Dr. Thigpen had changed his blood pressure medication. When the claimant filled out a disability report in May 1991, he stated that he washed dishes, vacuumed floors, did general housework, hunted, fished and occasionally visited with relatives. In addition, he testified at the hearing that he can lift between 20 and 25 pounds. All of the above are inconsistent with total disability and comprise substantial evidence to support the ALJ's decision that the claimant can perform light work, with noted restrictions.
 
 
 9
 Finally, the claimant contends that the vocational expert's testimony did not constitute substantial evidence upon which the Secretary could deny benefits. The ALJ analyzed the vocational expert's testimony at length before concluding that there were jobs in the national economy which the claimant could perform. Although the claimant disputes the accuracy of the hypothetical question posed to the vocational expert, the record indicates that the question included all of the limitations the ALJ found to exist by substantial evidence. The claimant contends that the ALJ neglected to include a provision in the question regarding his inability to bend two of the fingers on his right hand, and his inability to understand and respond to direction and perform routine repetitive tasks. This contention is without merit because the ALJ specifically included in the hypothetical that the claimant "would be restricted to basically routine repetitive work of a low-stress, non-production nature," and have "good gross use of the hands, but with less than full strength use in his right dominant hand." After reviewing the vocational expert's testimony, we conclude that the Secretary has carried her burden of showing that there are jobs in the national economy that the claimant can perform.
 
 III.
 
 10
 Our scope of review is narrow. If the decision of the Secretary is in accordance with the law and supported by substantial evidence, then that decision must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). The record in this case, viewed in its entirety, contains substantial evidence to support the Secretary's decision denying benefits. See 42 U.S.C. Sec. 205(g). Therefore, the judgment of the district court is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The ALJ found that the claimant's residual functional capacity for the full range of light work is limited by climbing, working in jobs which expose the claimant to unprotected heights and dangerous machinery, jobs which require more than good gross use of the hands, full strength of the right dominant hand, more than gross vision, more than routine repetitive tasks of low stress and low production nature, exposure to significant amounts of dust, fumes, chemicals, and extremes of temperature, and jobs which require persistent or significant social interaction and relationship with the public